**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SHAWNTRELL NORINGTON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>STANLEY KNIGHT, )<br>)<br>Respondent. ) | No. 1:06-CV-823-SEB-JMS |

**Entry Discussing Petition for Writ of Habeas Corpus**

Shawntrell Marcel Norington ("Norington") seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 06-03-0255. In that proceeding, he was found guilty of violating prison rules by committing battery on another person. The determination of this misconduct was based on evidence which showed that on March 17, 2006, Norington tried repeatedly to pass through a door Officer Lawrence Liptow had opened at the Pendleton Correctional Facility, an Indiana prison. Norington did so despite not having a pass and not having been called for, and despite Officer Liptow's instructions that he "leave." Nortington did so by trying to push past Officer Liptow, grabbing the Officer's arm and digging his fingernails into the Officer's right arm. Contending that the proceeding is tainted by constitutional error, Norington seeks a writ of habeas corpus. The court finds, however, that there was no error of that nature and that Norington's habeas petition must therefore be **denied.**[1] This conclusion rests on the following facts and circumstances:

1.   Norington is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In

---

[1]Norington's motion for extension of time filed on January 26, 2007, is **granted** to the extent that his reply filed on January 29, 2007, to the respondent's return to order to show cause is deemed to have been timely filed.

these circumstances, Norington was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

2. Under *Wolff* and *Hill,* Norington received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Norington was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed.

3. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Norington to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that he was denied the opportunity to present witnesses and that there was insufficient evidence to support the conduct board's finding. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/30/2007

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana